# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| SHERRY A. HANSEN and JOHN D. BOLEY, )<br>)<br>Plaintiffs, )<br>v. )<br>)<br>JOHN E. POTTER, in his official capacity as )<br>Postmaster General of the U.S. Postal )<br>Service, )<br>)<br>Defendant. ) | No. 07-0155-CV-W-FJG |

# ORDER

Currently pending before the Court is defendant's Motion for Summary Judgment (Doc. # 23).

## I. BACKGROUND

Plaintiff John D. Boley (a.k.a. Dan Boley), began work for the Postal Service on June 7, 1997. He served as a Customer Service Supervisor at the Lee's Summit Post Office. He worked at the Green Summit Annex in Lee's Summit until December 2005 and then at the R.B. Rice Station in Lee's Summit after December 2005. Boley's managers were Tim Dwyer before December 2005 and Ron Ahrens after he was transferred. Plaintiff Sherry Hansen began work with the Postal Service on July 19, 1994. She also served as a Customer Service Supervisor in the Green Summit Annex in Lee's Summit. Her manager was also Tim Dwyer. The Postmaster for the Lee's Summit Post Office was Harold Johnston.

On November 19, 2004, all Postal Service supervisors were given the instruction that they were to obtain advance approval from Manager Tim Dwyer or Postmaster Johnston if it was necessary for them to work in excess of eight hours. Supervisors are paid overtime for hours worked in excess of 8.5 hours. On July 25, 2005, all supervisors at the Lee's Summit Post Office were taken off automatic clock rings and

instead were issued badges to record their time. On December 23, 2005, plaintiff Boley filed an EEO complaint against Postmaster Johnston and Manager Dwyer. He alleged that he had been transferred to a different branch and had his work schedule changed in retaliation for his association with a fellow postal employee, Vicki Dorrell. Dorrell had previously filed an EEO sex discrimination/harassment complaint against Johnston. Plaintiff Hansen was also listed as a supporting witness in Vicki Dorrell's complaint against Johnston. Additionally, Hansen also filed a sex and age discrimination and retaliation complaint against Johnston and Dwyer.

In February 2006, Manager Ron Ahrens discovered that entries had been made by someone other than himself using Ahrens' social security number. He also discovered an excessive amount of supervisor hours. Manager Ahrens and Dwyer conducted a preliminary investigation into the hours and time keeping procedures and after discovering additional questionable entries brought the matter to the attention of Postmaster Johnston. Johnston determined that someone from outside the Lee's Summit Post Office should conduct the investigation, so he requested Postmaster Randy McHenry, from the Smithville Post Office conduct the investigation. Postmaster McHenry reviewed various reports and interviewed both Boley and Hansen. On April 12, 2006, Manager Ahrens proposed that both Boley and Hansen be removed. On June 21, 2006, Acting Human Resources Manager Diane Whitworth met with the plaintiffs' representative. On July 21, 2006, the Post Office issued a Letter of Decision stating that plaintiffs would be removed from service effective July 28, 2006. Both Boley and Hansen filed appeals with the Merit Service Protection Board. The initial decision of the Administrative Law Judge was issued on March 19, 2007. Both Boley and Hansen filed petitions for review of the unfavorable decision. On September 24, 2007, their petitions for review were denied in a final order. On April 23, 2007, plaintiffs filed an Amended Complaint. The Amended Complaint added Boley as a plaintiff and alleged

that their removal was in retaliation for prior EEO protected activity.

## II. STANDARD

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the moving party meets this requirement, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. 242, 248 (1986). In Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), the Court emphasized that the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts" in order to establish a genuine issue of fact sufficient to warrant trial. In reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. Matsushita, 475 U.S. 574, 588; Tyler v. Harper, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985).

## III. DISCUSSION

Defendant asserts that both plaintiffs admitted that they changed time entries and that this was a legitimate, nondiscriminatory reason for their removal. Defendant states that plaintiffs cannot show that this reason for their removal was pretextual. Plaintiffs however argue that their manager told them to make adjustments to the time records so that the payroll could be finalized. Additionally, plaintiffs state that all supervisors in the Lee's Summit Post Office changed time entries, but they were the only supervisors who

were investigated.  Plaintiffs also state that they engaged in protected EEO activity less than two months before the investigation was initiated against them and they were the only supervisors who were disciplined for making allegedly unauthorized time entries. After reviewing defendant's motion for summary judgment, the Court finds that there are disputed issues of fact which prevent the Court from granting summary judgment. Accordingly, the Court hereby **DENIES** defendant's Motion for Summary Judgment (Doc. #23).  The Court notes that in plaintiffs' Suggestions in Opposition to the Motion for Summary Judgment, plaintiff Hansen states that she is voluntarily abandoning and dismissing Count 2 of the First Amended Complaint - Retaliation for Charged Leave Hours. Therefore, the Court hereby **DISMISSES** Count II.

## IV. CONCLUSION

For the reasons stated above, the Court hereby **DENIES** defendant's Motion for Summary Judgment (Doc. # 23) and **DISMISSES** Count II of plaintiff's Amended Complaint.


Date: February 18, 2010                          **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                            Fernando J. Gaitan, Jr.
                                                 Chief United States District Judge