WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

SHERRY A. HANSEN and )
JOHN D. BOLEY, )
 )
        Plaintiffs, )
 )
v. ) Case No. 07-0155-CV-W-FJG
 )
JOHN E. POTTER, )
Postmaster General. )
 )
        Defendant. )

### DEFENDANT'S MOTION IN LIMINE

Defendant moves this Court to enter its order precluding the Plaintiffs from offering evidence by testimony or otherwise in support of a claim for non-economic compensatory damages. In support of this motion, Defendant states the following suggestions:

### SUGGESTIONS IN SUPPORT

1.     Plaintiffs state in their complaint that they are seeking compensatory damages as permitted pursuant to Title VII against a federal employer.

2.     Fed. R. Civ. Pro. 26(a)(1)(A)(iii) requires a litigant seeking damages to file initial disclosures setting forth "a computation of each category of damages claimed by the disclosing party" and make available for inspection the evidentiary material "on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Any witness supporting a claim for damage should also be disclosed under Rule 26(a)(1)(A)(i).

3.     In this case, the Plaintiff chose not to file any initial disclosures providing information regarding damages. The Postal Service can roughly determine the amount of back pay to which a prevailing Plaintiff may be entitled. However, only the Plaintiffs have any

information supporting a claim for non-economic compensatory damages and they chose not to disclose it.

4. Fed. R. Civ. Pro. 37(c) provides in part that:

If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Plaintiffs cannot reasonably argue that they were substantially justified in failing to disclose the factual basis for their claim for non-economic compensatory damages. This omission cannot be deemed a harmless error. Such undisclosed evidence should be excluded. *See Gilmore v. Stalder*, 2008 WL 2097162 (W.D. La. May 16, 2008) (striking and refusing to consider evidence contained in affidavits not disclosed in discovery); *Lanza v. Poretti*, 537 F. Supp. 777, 783 fn. 9 (E.D. Pa. 1982) (defendant's failure to supplement answer to interrogatories concerning access to building keys precluded introduction of undisclosed evidence at trial concerning persons with access to building keys).

Defendant respectfully requests that the Court preclude Plaintiffs from offering testimony or other evidence supporting a claim for compensatory damages.

Respectfully submitted,

Beth Phillips
United States Attorney

By: *s/ Jerry L. Short*
Jerry L. Short, MO Bar No. 26318
Assistant United States Attorney
United States Attorneys Office
Charles Evans Whittaker Courthouse
400 East Ninth Street, Room 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3130
Facsimile: (816) 426-3165
E-mail: jerry.short@usdoj.gov
Attorneys for Defendant

## Certificate of Service

I hereby certify that on this 22nd day of February 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

>Jeffrey W. Bruce
>The Bruce Law Firm
>2103 E. 195th Street
>PO Box 797
>Belton, MO 64012-0797
>Attorney for Plaintiffs

>>*s/ Jerry L. Short*
>>Jerry L. Short
>>Assistant United States Attorney

3