# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

SHERRY A. HANSEN and JOHN D. BOLEY, )
)
      Plaintiffs, )
v. ) No. 07-0155-CV-W-FJG
)
JOHN E. POTTER, in his official capacity as )
Postmaster General of the U.S. Postal )
Service, )
)
      Defendant. )

## ORDER

Currently pending before the Court is defendant's Motion in Limine (Doc. # 51) and Defendant's Second Motion in Limine and Objection to Plaintiff's Verdict Directors (Doc. # 59).

Defendant first seeks to exclude plaintiffs' claims for non-economic compensatory damages. Defendant states that plaintiffs did not file any initial disclosures providing information as to damages and that they cannot argue that they were substantially justified in failing to disclose the factual basis for their damage claims. Plaintiffs state that neither party filed initial disclosures at the beginning of the case, but that they have done so now. Plaintiff's counsel states that an extensive administrative proceeding and hearing occurred before this case was filed, and thus the parties were fully aware of all the witnesses and exhibits. Additionally, plaintiff's counsel states that he informed counsel for defendant on November 15, 2007 that plaintiffs would be limiting their claim for damages to back pay and benefits plus compensatory damages for "garden variety" emotional distress and no medical expert testimony would be proffered by plaintiffs. Plaintiffs state that defendant did not engage in any discovery, and that if defendant were truly concerned about damages, they could have propounded some interrogatories or document requests or even sought to take the

plaintiffs' depositions.

The Court recognizes that this particular case is unique due to the fact that there was an extensive administrative proceeding and a lengthy hearing before the case was filed. However, this does not excuse the parties from following the Federal Rules of Civil Procedure or the complying with the deadlines contained in the Court's Scheduling and Trial Order. However, based on the fact that this information was already known to defendant and also because it does not appear that defendant will be prejudiced in any way, the Court hereby **DENIES** defendant's Motion in Limine related to plaintiffs' non-economic compensatory damages (Doc. # 51).

Defendants also seek to exclude any evidence of Vicki Boley's EEO activity on the basis that it was not listed in the initial disclosures and also because it is irrelevant and its admission would be unduly prejudicial and confusing. Vicki Boley filed an EEO Complaint of sexual harassment against Postmaster Johnston. The allegation was investigated and eventually settled. Defendant states that Vicki Boley's harassment claim is irrelevant to plaintiff's retaliation claims. Defendant also objects to the plaintiff's verdict directing instruction because it refers to the EEO Complaint of Vicki Boley.

Plaintiffs state that Vicki Boley's EEO complaint was not listed in the initial disclosures or on their exhibit list, because plaintiffs do not intend to offer Vicki's EEO complaint as an exhibit unless its introduction becomes necessary as either rebuttal or impeachment evidence. Additionally, plaintiffs state that they both raised their involvement in Ms. Boley's EEO complaint as a basis for their own retaliation claims during the MSPB hearing. Plaintiffs also note that Vicki Boley also alleged retaliation in addition to sexual harassment. Plaintiffs state that Vicki Boley's EEO complaint and their involvement therein is relevant and a critical part of the chronology of their case. Vicki Boley's EEO complaint was made shortly before the initiation of the investigation against the plaintiffs. Plaintiffs state that they do not intend to go into extensive detail

with Ms. Boley about her EEO complaint, but some background explanation is necessary to put plaintiffs' evidence into proper perspective, so the jury understands how the plaintiffs' subsequent investigation and termination were initiated by their involvement in Ms. Boley's EEO complaint. The Court agrees and finds that there is no basis on which to exclude Vicki Boley's EEO Complaint. Accordingly, the Court hereby **DENIES** defendant's Second Motion in Limine and Objection to Plaintiff's Verdict Directors (Doc. # 59).

Date: 03/12/10  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**  
Fernando J. Gaitan, Jr.  
Chief United States District Judge